GEORGE B. STACY, AS RECEIVER, ETC., RESPONDENT, v. GILBERT DESHAW AND GEORGE DESHAW, APPEL-LANTS.

*Evidence — Transfer — Fraudulent as to creditors — what admissible to disprove — Judge's charge — Payment of debt by transfer of property.*

On the trial of an action brought by plaintiff, as receiver, under supplementary proceedings, against the defendant Gilbert Deshaw, to set aside the assignment of a contract for the purchase of a lot of land, executed by Gilbert to George Deshaw on the ground that it was made to hinder and defraud creditors, the answer denying such fraudulent intent, the defendants offered to prove that at the time of the assignment Gilbert Deshaw believed that a note on which the judgment was obtained against him, and the supplementary proceedings were based, had been paid, which was excluded. *Held,* that the evidence was admissible; that the question of fraud is one of fact for the jury. While his evidence on this point might not be conclusive, such belief might have some influence on the question whether he meant to defraud.

The question was asked by defendants what the premises were worth, which was objected to and excluded, as also the offer to prove that at the time of the transfer they were not worth $400, although there was due upon them $468. *Held,* that it should have been admitted, as it might have been shown that Gilbert's interest in the premises was of little or no value; and the value of the assigned property is always important on the question of fraud.

Defendants had given evidence, that at the time of the assignment from Gilbert to George the former was indebted to the latter in the sum of sixty dollars, and that, in consideration of the transfer of said contract, the debt was discharged. The judge charged the jury that there was no valuable consideration from George to Gilbert for the assignment. *Held,* erroneous; that the assignment of the contract to George was the payment of the debt, and such payment was a valuable consideration; that it was not unlawful for a debtor to pay a debt by a transfer of property, and the acceptance of property in payment of a debt was a valid transaction.

APPEAL from a judgment, entered upon the verdict of a jury, and from an order denying a motion, to set aside the verdict for insufficient evidence and upon exceptions taken and for a new trial upon the minutes of the judge.

The action was brought by the plaintiff, as receiver, appointed in proceedings supplementary to execution, to set aside an assignment of the interest of the defendant Gilbert Deshaw, in a certain land contract, to his son, the defendant George Deshaw, upon the ground that it was fraudulent and void as to creditors; and the appeal is mainly based on exceptions to the refusal of the judge to allow the admission of certain evidence, by the defendants.

*Swift & Sanford,* for the appellants.

*E. A. Chaffee,* for the respondent.

*Per Curiam :*

This is an action brought by the receiver of Gilbert Deshaw, appointed in proceedings supplementary, to set aside the assignment to George Deshaw, of a contract for the purchase of a lot of land. The plaintiff recovered upon the trial, and the defendants appeal. The allegations of the complaint are that the assignment was made with the intent to hinder, delay and defraud creditors, of whom Myron Hoadley, the plaintiff in the original judgment, was one. The fraudulent intent was denied by the answer.

The defendants offered to prove that, at the time of the assignment, the defendant Gilbert Deshaw believed that the note on which the judgment of Hoadley was recovered, had been paid; this evidence was excluded, and defendants excepted.

The question of fraud is one of fact for the jury. If Gilbert Deshaw believed that the note was paid (as it was an accommodation note), such belief might have some influence on the decision of the question whether he intended to defraud Hoadley. His evidence on this point might by no means be conclusive on the question, but it was admissible.

Again, the question was asked by the defendants, what the premises were worth at the time of the transfer from Gilbert to George. This was objected to and excluded, and the defendant

excepted. And again, the defendant offered to prove that the premises at the time of the transfer were not worth to exceed $400. This was objected to and excluded. It appeared that at that time there was due upon the contract $468. If the evidence had been admitted, therefore, it might have been shown that Gilbert Deshaw's interest in the premises was of little or no value.

The value of the assigned property is always important on the question of fraud. It is difficult to understand how creditors can be defrauded by an assignment of property which is worth nothing.

The plaintiff insists that the evidence was not admissible under the pleadings. But the answer contains a general denial except as admitted; and the only admission bearing on this point is, that while Gilbert Deshaw was in possession, the premises were improved but not to any considerable amount. As there is no allegation in the complaint of their previous value, there is no admission in the answer which should exclude this evidence.

The court further charged the jury that there was no valuable consideration from George Deshaw to Gilbert Deshaw for the assignment of the contract; to which the defendants excepted. Evidence had been given by the defendant that at the time of the assignment Gilbert Deshaw was indebted to George Deshaw in the sum of sixty dollars for work, labor and services, and that by mutual agreement between them George Deshaw did cancel and discharge said claim, as the consideration for the transfer of said contract; that the transfer was on that consideration, and the said debt was then discharged. If this were so, then the assignment of the contract to George Deshaw was the payment of the debt. Such payment was a valuable consideration. It is not unlawful for a debtor to pay a debt by the transfer of property, and the acceptance of property in payment of a debt, is a valid transaction.

Without examining any other objection, it seems, from what is above said, that the order denying a motion for a new trial must be reversed, the judgment set aside, and a new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Judgment reversed, new trial granted, costs to abide event.